UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF ALASKA
AT ANCHORAGE

| | |
|---|---|
| AGWEST FARM CREDIT, PCA<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>KIMBERLY C, O.N. 596518, its Engines, Machinery, Appurtenances, etc., and RM 250, O.N. 928702, its Machinery, Appurtenances, etc.,<br>in Rem,<br><br>　and<br><br>YAK TIMBER, INC. an Alaska corporation,<br>in personam,<br><br>　　　　　Defendants. | NO. 3:23-CV-00072-HRH<br>_____<br><br>**MOTION FOR PRELIMINARY INJUNCTION TO MAINTAIN LOCATION OF AND INSPECT COLLATERAL VESSELS**<br><br>**ORAL ARGUMENT REQUESTED** |

## I.　INTRODUCTION AND RELIEF REQUESTED

Plaintiff AgWest Farm Credit Services, PCA, formerly known as Northwest Farm Credit Services, PCA ("**Farm Credit**" or "**Plaintiff**"), seek a preliminary injunction: (1) barring Defendants from relocating and further jeopardizing Farm Credit's Tug and Barge collateral, and (2) permitting Farm Credit to conduct an updated marine survey on the

**MOTION FOR PRELIMINARY INJUNCTION** - 1

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 2nd Ave, Suite 500
Seattle, WA 98104
206 587 0700 fax: 206 587 2308

{04761524.DOCX;5 }

Vessels, which is a necessary step to obtaining insurance on these currently uninsured/underinsured assets. In essence, Farm Credit seeks to maintain the status quo by enjoining Defendants from dissipating assets and ensuring the safety and protection of Farm Credit's collateral during the pendency of this action.

## II. STATEMENT OF FACTS

### A. Farm Credit's $13 million in secured loans to Yak Timber are in default.

Farm Credit is a member-owned agricultural lending cooperative that provides financing and related services to farmers, ranchers, agribusinesses, commercial fishermen, timber producers, rural homeowners and crop insurance customers in a seven-state territory in the Western United States, including Alaska. AgWest is part of the Farm Credit System and is a cooperative formed under federal law, in which its customer-members own shares and receive patronage on account of their interests. Thus rather than being privately owned, AgWest is owned by the agricultural producers that it services, including native and other tribal-owned businesses.[1]

Starting in the summer of 2020, Farm Credit made a series of loans (the "**Loans**") to Yak Timber, Inc. ("**Yak Timber**"). Yak Timber is the wholly-owned subsidiary of Yak-Tat Kwann, Inc. ("**YTK**"), an Alaska Native Village Corporation. The loans were made to assist Yak Timber with financing the purchase of logging equipment and to provide a line of credit and to pay fees and costs in connection with the Loans. Details concerning these

---

[1] *See,* https://agwestfc.com/about/about-us (last visited May 5, 2023).

MOTION FOR PRELIMINARY INJUNCTION - 2

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 2nd Ave, Suite 500
Seattle, WA 98104
office 206 587 0700 fax: 206 587 2308

{04761524.DOCX;5 }

loans and their supporting documents are contained in the Verified Complaint filed by Farm Credit at Dkt. 1, and are fully incorporated herein.[2]

Beginning in early 2022, Yak Timber began to fall out of compliance with its reporting requirements. In fall of 2022, Yak Timber failed to make loan payments when due. Since then, Farm Credit issued several notices of default, but continued to stay in communication with Yak Timber about the status of its Loans.[3] As of March 21, 2023, the balance on the Loans exceeded $13 million.[4]

**B.    Prior to this suit, Yak Timber fails to provide Proof of Insurance or information on the Status of the Vessels; Farm Credit subsequently learns that the Vessels are uninsured/underinsured.**

Yak Timber remained in default, both as to disclosure and payment. Prior to filing suit, Farm Credit made several requests for proof of insurance on its Tug and Barge collateral (the "**Vessels**") and received no meaningful response.[5] During this period, there were times when Farm Credit had no idea where the Vessels were located in part because the Tug's transponder had been turned off.[6] Most recently, the Tug resurfaced at Broken Oar Cove but is now being operated, having travelled from Yakutat to Cordova, and is now en route to Valdez.[7]

After this lawsuit was filed, Yak Timber eventually provided proof of some insurance for the Vessels but the stated coverage is either wholly absent or inadequate: the

---

[2] Capitalized terms not otherwise defined herein retain their meaning as stated in the Verified Complaint.
[3] *See,* Decl. David Poor ("Poor Decl."), ¶ 2.
[4] Dkt. 1, ¶ 9.1
[5] Poor Decl. ¶ 5.
[6] *Id.*
[7] Poor Decl., ¶ 7.

MOTION FOR PRELIMINARY INJUNCTION - 3

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 2nd Ave, Suite 500
Seattle, WA 98104
office 206 587 0700 fax 206 587 2308

{04761524.DOCX;5 }}

liability insurance is in an insufficient amount and there appears to be no pollution insurance on either Vessel.[8] This presents an immense risk of loss and injury to Farm Credit, since any damage or loss to Vessels would not be adequately insured, compromising Farm Credit's security. Unfortunately, Farm Credit cannot simply obtain forced-placed insurance on these Vessels, as it might normally do where a borrower fails to adequately insure collateral.[9] Farm Credit filed this arrest action as the Vessels must be arrested before insurance can be obtained.

**C.   Yak Timber fails to cooperate in allowing Farm Credit to inspect the Vessels.**

In addition to the insurance issue, Farm Credit has not been able to obtain sufficient information from Yak Timber about the Vessels' condition, whether they are seaworthy, and their current activities.[10] Through its own independent investigation, Farm Credit was able to locate the Vessels, which as of the time of this filing appear to be en route from Cordova to Valdez.[11]

After this lawsuit was filed, Yak Timber provided prior vessel surveys and stated that it would provide further information about the Vessels to Farm Credit.[12] Yak Timber initially indicated its agreement to an inspection of the Vessels so that Farm Credit could obtain up to date information, discern the state of its collateral, and obtain insurance (and

---

[8] Poor Decl. ¶ 8.
[9] Poor Decl., ¶ 9.
[10] Poor Decl., ¶ 10.
[11] Poor Decl., ¶ 7.
[12] Poor Decl., ¶ 10, Ex. A.

MOTION FOR PRELIMINARY INJUNCTION - 4

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 2nd Ave, Suite 500
Seattle, WA 98104
office 206 587 0700 fax 206 587 2308

Case 3:23-cv-00072-HRH   Document 6   Filed 05/05/23   Page 4 of 15

{04761524.DOCX;5 }}

avoid filing this Motion).[13] In preparing to inspect the Vessels, Farm Credit also requested documentation about the Vessels, including ABS class documentation, repair/maintenance records, and information about the safety of inspecting the enclosed spaces on the barge.[14] Having this information is critical to an effective and safe inspection of the Vessels.[15] However, despite initial promises to cooperate, Yak Timber still has not provided the requested information or taken other steps to facilitate an agreed inspection—something Farm Credit is entitled to under the loan documents.[16]

**D.    The Vessels appear to be operating without compliance with applicable safety and regulatory documentation.**

It also appears that the Vessels do not have current safety and regulatory documentation. According to investigations done by Farm Credit's agent, the Barge has an expired Certificate of Inpection, Oil Spill Certificate, and Certificate of Documentation, and the tug also has an expired Certificate of Documentation.[17] There are also questions about the current seaworthiness of the Vessels, and whether they have updated fire suppression, EPIRB, and other safety systems on board.[18] These questions raise serious concerns as these failures may implicate the seaworthiness of the Vessels, the safety of the

---

[13] Poor Decl., ¶ 11. The insurance broker engaged by Farm Credit has stated that an updated survey must be conducted to place new hull insurance on the Vessels. *Id.*
[14] Declaration of Buck Fowler in Support of Motion for Preliminary Injunction ("Fowler Decl."), ¶ 5–8.
[15] *Id.*
[16] Poor Decl., ¶ 12.
[17] Fowler Decl., ¶ 5.
[18] *Id.*

MOTION FOR PRELIMINARY INJUNCTION - 5

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 2nd Ave, Suite 500
Seattle, WA 98104
office 5873970 fax: 206 587 2308

{04761524.DOCX;5 }}

crew, the protection of the marine environment, and ultimately the sanctity of Farm Credit's collateral.[19]

**E.  The Vessels are being exposed to operational risk; Farm Credit is entitled to inspect its collateral, obtain insurance, and prepare for arrest.**

Finally, Farm Credit recently learned that Yak Timber may be planning to operate and move the Vessels (without pollution insurance, adequate liability insurance and with expired safety/regulatory documentation).[20] At the same time it has promised to cooperate and be forthcoming with information about the Vessels, Farm Credit has learned that Yak Timber has loaded the barge and continues to move the Vessels from their current location.[21] This is quite troubling to Farm Credit as it risks them losing track of this valuable collateral, and exposes the underinsured Vessels to operational risk. For this reason, Farm Credit seeks the Court's assistance in maintaining the *status quo* on the Vessels' location as of the filing of this suit.[22]

The uncertainty regarding the location, condition, and operation of the Vessels and Yak Timber's ongoing default under the Loans raises significant concerns about Yak Timber's ability to supply sufficient cash to operate, maintain, and protect the Vessels.[23]

---

[19] Fowler Decl., ¶¶ 5, 6, 8.
[20] Poor Decl., ¶ 14.
[21] Poor Decl., ¶ 7.
[22] Because the Vessels are in constant motion, Farm Credit anticipates asking the Court for potential relocation to an area that is readily accessible by commercial transportation and viable for commercial inspection, if at the time of hearing on this Motion they are not in such a location.
[23] Poor Decl., ¶ 14.

MOTION FOR PRELIMINARY INJUNCTION - 6

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 2nd Ave, Suite 500
Seattle, WA 98104
office 206 587 0700 fax 206 587 2308

Case 3:23-cv-00072-HRH   Document 6   Filed 05/05/23   Page 6 of 15

{04761524.DOCX;5 }}

Farm Credit's efforts to obtain assurance that Yak Timber has sufficient funds to protect the Vessels has thus far been unfruitful.[24]

While Farm Credit is very concerned about the condition of and risks to the Vessels, it cannot take the risk of arresting the Vessels without first knowing their condition, including their seaworthiness, as doing so would present significant risk to any vessel custodian.[25] Farm Credit has identified a potential custodian, who confirms that information on the Vessels' condition and seaworthiness would be important for a successful arrest.[26] Accordingly, Farm Credit seeks the assistance of the Court in allowing it to conduct pre-arrest due diligence, with the ultimate eye towards obtaining adequate and proper insurance for its collateral.

The information needed to allow Farm Credit to proceed with obtaining insurance on the Vessels can be obtained through an inspection and survey of the Vessels, supported by sufficient documentation. Allowing Farm Credit to conduct a marine survey does not change the status quo: it presents no risk to or burden on Yak Timber, and is something Farm Credit is entitled to do under its Loan documents anyway.[27]

### III. STATEMENT OF ISSUES

Should this court issue a preliminary injunction: (1) barring Defendants from further relocating Farm Credit's Tug and Barge collateral, or requiring delivery to the nearest port

---

[24] *Id.*
[25] Fowler Decl., ¶ 7–8.
[26] Fowler Decl., ¶ 8.
[27] See Verified Complaint, Ex. G, Dkt. 1-7, at ¶ 4.2, Ex. H, Dkt. 1-8 at ¶ 4.2. ("On reasonable notice, the Lender has the right at any time to inspect or survey the Vessel to ascertain its condition and to satisfy itself that the Vessel is being properly repaired and maintained.").

MOTION FOR PRELIMINARY INJUNCTION - 7

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 2nd Ave, Suite 500
Seattle, WA 98104
office: 206 587 0700 fax: 206 587 2308

Case 3:23-cv-00072-HRH   Document 6   Filed 05/05/23   Page 7 of 15

{04761524.DOCX;5 }}

regularly serviced by commercial transportation and viable for conducting an inspection, and (2) authorizing Farm Credit to conduct a marine survey of the Vessels, such that Farm Credit can obtain insurance for its currently uninsured/underinsured collateral?

## IV. EVIDENCE RELIED UPON

This Motion is supported by the Verified Complaint filed at Dkt. 1, and the Declarations of David Poor and Buck Fowler, and exhibits filed therewith.

## V. LEGAL STANDARD AND AUTHORITY

### A. Preliminary Injunction Standard

"[T]he legal standards applicable to TROs and preliminary injunctions are 'substantially identical.'" *Wash. v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017) (quoting *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc*., 240 F.3d 832, 839 n.7 (9th Cir. 2001) ). "A party seeking a preliminary injunction must meet one of two variants of the same standard." *Alliance for the Wild Rockies v. Pena*, 865 F.3d 1211, 1217 (9th Cir. 2017). "Under the original *Winter* standard, a party must show 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.' " *Id*. (quoting *Winter v. Nat. Res. Def. Council, Inc*., 555 U.S. 7, 20 (2008)). "Under the 'sliding scale' variant of the *Winter* standard, 'if a plaintiff can only show that there are serious questions going to the merits—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the balance of hardships tips sharply

MOTION FOR PRELIMINARY INJUNCTION - 8

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 2nd Ave, Suite 500
Seattle, WA 98104
phone: 206 587 0700 fax: 206 587 2308

Case 3:23-cv-00072-HRH   Document 6   Filed 05/05/23   Page 8 of 15

{04761524.DOCX;5 }}

in the plaintiff's favor,' and the other two *Winter* factors are satisfied.'" *Id*. (quoting *Shell Offshore, Inc. v. Greenpeace, Inc*., 709 F.3d 1281, 1291 (9th Cir. 2013)). A plaintiff need not establish that he is likely to succeed on the merits of all his claims. A TRO or preliminary injunction may issue if a plaintiff can show he is likely to succeed on one claim and that he meets the other three requirements for injunctive relief. *League of Wilderness Defenders/Blue Mountains Biodiversity Project v. Connaughton*, 752 F.3d 755, 766 n.3 (9th Cir. 2014).

"A [temporary restraining order] or [a] preliminary injunction can take two forms." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co*., 571 F.3d 873, 878 (9th Cir. 2009). "A prohibitory injunction prohibits a party from taking action and 'preserve[s] the status quo pending a determination of the action on the merits.'" *Id*. at 878–79 (quoting *Chalk v. U.S. Dist. Court*, 840 F.2d 701, 704 (9th Cir.1988)). On the other hand, a mandatory injunction is one which "'orders a responsible party to take action.'" *Id*. at 879 (quoting *Meghrig v. KFC W., Inc*., 516 U.S. 479, 484 (1996)). "In general, mandatory injunctions 'are not granted unless extreme or very serious damage will result and are not issued in doubtful cases or where the injury complained of is capable of compensation in damages.'" *Id*. (quoting Anderson, 612 F.2d at 1115).

**B.  Farm Credit is likely to succeed on the merits of its Breach of Contract, Arrest, and Mortgage Foreclosure claims.**

Farm Credit's request satisfies the first prong under the original *Winter* test: likelihood of success on the merits (and because it satisfies this prong, discussion

MOTION FOR PRELIMINARY INJUNCTION - 9

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 2nd Ave, Suite 500
Seattle, WA 98104
office 206 587 0700 fax 206 587 2308

Case 3:23-cv-00072-HRH   Document 6   Filed 05/05/23   Page 9 of 15

{04761524.DOCX;5 }}

concerning the sliding scale variant is unnecessary). Farm Credit filed suit for amounts due and owing under the Loans, totaling $13,301,336.39 as of March 21, 2023. Although Yak Timber has not yet answered, it cannot be reasonably disputed that it is in default under the Loan Documents, and that such sums are owed. Yak Timber has not made any payments towards the Loans since November 1, 2022 and is in default. Farm Credit accelerated the debt on March 9, 2023, and all balances are now due and owing. *See* Verified Complaint, Dkt. 1, at ¶ 7.3; Exhibit I, Dkt. 1-9. Accordingly, Farm Credit has an extremely high likelihood of success on the merits for its claim for repayment of the unpaid and due loans to Yak Timber. Since the Preferred Ship Mortgages on the Vessels are tied to Yak Timber's compliance with the Loan terms, this default also means that Farm Credit is likely to succeed on its request for arrest and foreclosure of the mortgages on the Vessels.

### C. Farm Credit will suffer irreparable harm in the absence of preliminary relief, as the collateral is uninsured/underinsured and at risk of loss through damage or relocation.

Farm Credit also satisfies the second prong under the *Winter* test: it will suffer irreparable harm in the absence of relief. Following months of repeated requests for assurance that the Tug and Barge are insured, Farm Credit has now learned that the Vessels lack pollution coverage of any sort, and are underinsured for liability. Moreover, according to the information available to Farm Credit, the Vessels do not have updated safety equipment and lack current safety/regulatory documentation.

Given Defendant's apparent intent to operate these Vessels despite the lack of adequate coverage and safety certifications, the potential risk of loss for any seafaring

MOTION FOR PRELIMINARY INJUNCTION - 10

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 2nd Ave, Suite 500
Seattle, WA 98104
office 206 587 0700 fax 206 587 2308

Case 3:23-cv-00072-HRH   Document 6   Filed 05/05/23   Page 10 of 15

{04761524.DOCX;5 }}

collateral cannot be overstated. Operating a vessel in open waters or mooring or storing it in any location other than dry dock presents a significant threat. This is especially true in Alaska and waters where the Vessels are believed to be located, given the volatile and ever-changing weather and water conditions. And, because the Vessels continue to remain in operation, a pollution hazard or other accident threatens to prime Farm Credit's security interest, in the absence of insurance. That Yak Timber has allowed Farm Credit's collateral to remain uninsured/underinsured, and the concurrent risk of loss, amounts to irreparable harm that can only be avoided if Farm Credit is permitted to survey the vessels and obtain the appropriate insurance for them.

### D. The Balance of Equities tips heavily in Farm Credit's favor.

Farm Credit satisfies the third prong: the balance of equities tips heavily in its favor. Farm Credit has already attempted for months to communicate with Yak Timber to obtain assurances that its Vessel collateral was adequately insured. Due to Yak Timber's lack of response, it had no choice by to bring this suit to protect its collateral (and accordingly the interests of its cooperative members). Since filing suit, Farm Credit has learned that the Vessels are underinsured/uninsured. On the other hand, Yak Timber has had every opportunity to provide proof of insurance to alleviate these concerns, instead opting to remain silent and to provide only piecemeal information concerning the Vessels' status.

Farm Credit suffers significant harm every day that its Vessel collateral remains underinsured/uninsured and at risk of loss, and this harm is amplified by the fact that Yak Timber appears to be operating the Vessels without adequate safety equipment and

MOTION FOR PRELIMINARY INJUNCTION - 11

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 2nd Ave, Suite 500
Seattle, WA 98104
Office: 206 587 0700 Fax: 206 587 2308

Case 3:23-cv-00072-HRH   Document 6   Filed 05/05/23   Page 11 of 15

{04761524.DOCX;5 }}

documentation. Yak Timber suffers no harm by being prohibited from further relocating the Tug and Barge, or being required to return the Vessels to the nearest port regularly serviced by commercial transportation and viable for conducting an inspection until further Court order, or by accommodating a marine survey of the Vessels.

### E. The public interest factor is neutral at worst, and weighs in favor of granting an injunction at best.

Farm Credit is a cooperative owned by its 23,000 members. Arguably, the public maintains an interest in a federally-created co-op supporting local and regional agricultural activities, being able to enforce its loan documents and protect its collateral. Moreover, the public has an interest in commercial vessels maintaining adequate and appropriate insurance and staying in compliance with safety and seaworthiness rules for maritime activities conducted in coastal and open waters. However, for purposes of the *Winters* analysis, this factor can also be considered neutral, without detracting from the finding that an injunction is appropriate here.

### F. Both a prohibitory and mandatory injunction are necessary to prevent irreparable harm to Farm Credit.

The relief requested by Farm Credit, is both prohibitory and mandatory. First, Farm Credit requests a preliminary injunction barring Defendants from further relocating Farm Credit's Tug and Barge collateral from their current location, or to return the Vessels to the nearest port regularly serviced by commercial transportation and viable for conducting an inspection . This is prohibitory and maintains the status quo – *i.e*. the location of the Vessels

MOTION FOR PRELIMINARY INJUNCTION - 12

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 2nd Ave, Suite 500
Seattle, WA 98104
Office: 206 587 0700 Fax: 206 587 2308

{04761524.DOCX;5 }}

during the pendency of this action.[28] Because Yak Timber decided to move the Vessels after filing of this suit and after receivingNotice by Farm Credit to cease use or movement, maintaining the status quo may require transporting the vessels back to Yakutat Bay, which should nonetheless be considered prohibitory relief.

Second, Farm Credit requests a preliminary injunction permitting Farm Credit to inspect and conduct a marine survey on the Vessels and requiring Yak Timber to provide documentation regarding the Vessels and their classification and condition. These are both necessary steps to obtaining insurance on these currently underinsured assets. While also intended to maintain the status quo, this injunction would require some minimal action by Yak Timber—confirming the location of the Tug and Barge, giving Farm Credit's marine surveyor access to the vessels, and giving Farm Credit access to certain vessel documents.

This relief toes the line between a prohibitory and the less-favored mandatory injunction. However, the Court should grant this relief nonetheless, because as explained above, serious damage will result if these Vessels remain uninsured/underinsured. Moreover, the injury Farm Credit is seeking to prevent cannot be compensated in damages—the Vessels, with a collective value of $5.8 million as of May of 2022 according to surveys, are collateral for the Loans and their loss is not compensable in damages, because they were the assets Farm Credit had the right to collect against in the event of default under the Loans.[29] The potential loss of this collateral means the potential loss of

---

[28] At the time this action was filed, the Vessels were located in Yakutat Bay.
[29] Poor Decl., Ex. B-1 and B-2.

MOTION FOR PRELIMINARY INJUNCTION - 13

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 2nd Ave, Suite 500
Seattle, WA 98104
Office: 206 587 0700 Fax: 206 587 2308

{04761524.DOCX;5 }}

*any* recovery for Farm Credit. And, when viewed in comparison to the minimal burden the requested relief places on Yak Timber, it is clear that both mandatory and prohibitory relief is warranted here.

### G. No Bond should be Required

This Court should not require that any security be posted because Yak Timber literally will suffer no harm if the injunctive relief is granted. *See Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003) (citing *Barahona-Gomez v. Reno*, 167 F.3d 1228, 1237 (9th Cir. 1999)); *Wisconsin Heritages, Inc. v. Harris*, 476 F. Supp. 300, 302 (E.D. Wis. 1979); *Scherr v. Volpe*, 466 F.2d 1027, 1035 (7th Cir. 1972); S*mith v. Bd. of Elec. Comm'rs of the City of Chicago*, 591 F. Supp. 70, 71-72 (N.D. Ill. 1984). However, in the event the Court determines a bond is necessary, the required bond amount should not exceed $20,000, given the minimal risk to Yak Timber resulting from AgWest's request to the Court to ensure the safety and security of its collateral.

### VI. CONCLUSION

Farm Credit filed suit seeking the Court's assistance in ascertaining the status of and arresting a Tug and Barge that is security for loans that are in default. The first step in that process is to prevent the Vessels from being further relocated or to deliver them to a safe and accessible location, obtaining certain documents regarding the Vessels, and conducting a marine survey as a pre-requisite to obtaining insurance. The *Winters* factors weigh heavily in favor of granting an injunction here, as Farm Credit primarily seeks to maintain the status quo, and there is little to no burden on Yak Timber. Accordingly, Farm Credit

MOTION FOR PRELIMINARY INJUNCTION - 14

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 2nd Ave, Suite 500
Seattle, WA 98104
Office: 206 587 0700 Fax: 206 587 2308

Case 3:23-cv-00072-HRH   Document 6   Filed 05/05/23   Page 14 of 15

{04761524.DOCX;5 }}

respectfully requests the Court grant the Motion and enter the proposed order submitted herewith.

DATED this 5th day of May, 2023.

CAIRNCROSS & HEMPELMANN, P.S.

*/s/ Binah B. Yeung*
Binah B. Yeung, ABA #1911112
Email: byeung@cairncross.com
524 Second Avenue, Suite 500
Seattle, WA 98104-2323
Telephone: (206) 587-0700
Facsimile: (206) 587-2308

HOLMES WEDDLE & BARCOTT, P.C.

*/s/ Lafcadio H Darling*
Lafcadio Darling, ABA #1510084
LDarling@hwb-law.com
John E. Casperson, ABA #7910076
Jcasperson@hwb-law.com
3101 Western Avenue, Suite 500
Seattle, WA 98121
Attorneys for AgWest Farm Credit, PCA

MOTION FOR PRELIMINARY INJUNCTION - 15

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 2nd Ave, Suite 500
Seattle, WA 98104
Office 206 587 0700 Fax 206 587 2308

Case 3:23-cv-00072-HRH   Document 6   Filed 05/05/23   Page 15 of 15

{04761524.DOCX;5 }